19-1025 Hill versus Warsewa. I'll try that. I'm not sure either, your honor. Your honor, may it please the court, my name is Alexander Hood for appellant Roger Hill. Mr. Hill is a 78 year old fly fisherman. Despite believing he has a legal right, Mr. Hill fears what will happen when he returns to his favorite fishing hole on the Arkansas River because appellees Warsewa and Joseph have repeatedly chased Mr. Hill and his fishing buddies off. They threw rocks at Mr. Hill. They threatened a trespass suit against Mr. Hill. They shot a handgun at Mr. Hill's friend. Despite this very real dispute, the district court refused to decide Mr. Hill's claim, dismissing on standing grounds and leaving Mr. Hill still uncertain of his rights with respect to the river. Of course, Mr. Hill believes this court and the district court lack jurisdiction because of the state's very clear assertion of 11th Amendment immunity in defense of this suit. Now, even if the state of Colorado has 11th Amendment immunity, that wouldn't preclude subject matter jurisdiction over the entire case, would it? It would. They've asserted 11th Amendment immunity against both claims, both state law claims in this case, and the individual defendants concede that under Schack that would mean that both claims go down in there entirely. Well, they're conceding the meaning of 1447 C, which is an entirely different issue. Putting aside the concession of the individual defendants, the 11th Amendment immunity would not protect the individual defendants, correct? The 11th Amendment immunity would not protect the state is, as they claim, a necessary and indispensable party to the claim, would take the entire claim, all claims and all parties back down to the state court. Well, that's a rule 19 issue is a separate issue than 1447 C. One thing that I was confused about, and I'm sorry to interrupt you, is 1447 C doesn't say that if one defendant precludes, if there's not subject matter jurisdiction over one defendant, the entire case has to be remanded. It says if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Right. So the suggestion that it should be bifurcated with the Colorado going back, claims against Colorado going back to state court, and the individual defendants being able to be, you know, prosecuted in federal court, that really is divorced from what 1447 C says, right? If you, barring the applicability of Rule 19, 1447 C would only require remand of anything if there was not subject matter jurisdiction over anything in the case, right? If there's not subject, so Schack talks about claims, and it's not, it talks about a case versus a claim, it's not a claim by claim analysis, I'm sorry, it's a individual defendants, it's confusing, and we dealt with this in the first footnote in our opening brief, and there's certainly no case on point, but we believe that it means with the typical understanding of subject matter jurisdiction that the whole case has to go down. Now, we think there are other jurisdictional problems here as well. First and foremost, the district court also found that this is a generalized grievance. In the Lexmark decision, the Supreme Court clearly said that the generalized grievance doctrine is a question of subject matter jurisdiction. If the district court found a lack of subject matter jurisdiction, then this case needs to go back down. The district court mentioned generalized grievance, but it seemed to me to be clearly resting its conclusion on prudential standing, which is not a matter of subject matter jurisdiction. It found, but well, your honor, it said prudential standing, but it misclassified generalized grievance as a prudential standing doctrine. So it didn't talk about third-party standing in the case? It talked about both, your honor, but it clearly found generalized grievance, clearly found a lack of third-party standing, and then clearly avoided the issue of Eleventh Amendment immunity. Now, we believe that it's inappropriate to order the issues in that way. We believe that this court, as a federal court which must be satisfied with subject matter jurisdiction, and the district court as a federal court that must first satisfy itself with subject matter jurisdiction issues, and go to these other preliminary issues without a first finding that for some reason those subject matter jurisdiction issues are hard. And I'm absolutely puzzled by that, and I don't understand that. On multiple grounds, Sinakim being one case, and there are a variety of cases that say as long as you don't reach the merits, you can choose whatever threshold ground you want to choose. In fact, there are some cases that that were cited, I think, by opposing counsel that suggested prudential standing is the preferred route. So, I mean, where do you get that from? Sinakim makes it very clear that if you don't reach the merits, you can choose whatever threshold ground you want to choose. Sinakim, the Supreme Court case. We get that from Ruegras, which is also a Supreme Court case. Which says there's no hierarchy. And Gadlin, which is a 10th Circuit case. And does not Ruegras say there is no hierarchy? Ruegras, I'm sorry, your honor. No, please. Ruegras says that out of respect for state courts, normally subject matter jurisdiction must come first. And that's exactly what the 10th Circuit did in Gadlin. And we would suggest that's exactly what this court must do, and what the district court erred in not doing. Your honor, moving on to the application of the generalized grievance doctrine, and the application of the third-party standing doctrine in general. First, there should be no question the third footnote in Lexmark says a generalized grievance is a question of subject matter jurisdiction. That should result in remand if this court agrees. We don't think there's a generalized grievance here, however, because the district court confused a generalized right with a generalized harm. Sure, Mr. Hill may be resting his right to access the disputed river on a public right, but he's resting his standing on very personal injuries to him. He's had rocks thrown at him. He had a note left for him saying that if he returned, he would face suit for trespass. Okay, those are harms specifically directed at him. This is not a generalized grievance. If it is a generalized grievance, that's a problem with subject matter jurisdiction, and that must result in remand to state court. Moving on to third-party standing, your honor, the question there is whether Mr. Hill has a right to the river that he's alleging on his own, or whether he's alleging the state's right. All of the appellees, over and over and over again, keep saying that Mr. Hill is alleging the state's right. He has not. He has repeatedly, in his pleadings below, said that he has a right, that there is a public right of access to this stream that's independent of the state's title. He is not attempting to assert the state's title, the Navajo Riverbeds. Indeed, go ahead, your honor. I mean, I think I do understand your argument, but it at least is a derivative claim that he's asserting. In other words, his right to public, to, as a member of the public or a public easement, is predicated on title. Well, of course, everyone already agrees that the state of Colorado holds title to all navigable riverbeds in the state of Colorado. But there is no navigable rivers in the state of Colorado so far. That's a question for the merits, and certainly my client has a high bar on the merits to prove that this specific location was navigable at statehood. But there's also no state court, no state court cases saying that that there are no navigable riverbeds, no navigable riverbeds at statehood. Navigable rivers. Navigable rivers at statehood, but it causes conveyance of the title, title to the bed of the river. Of the equal footing doctrine. Yes, your honor. But again, these are all merits issues. Mr. Hill is here because the district court refused to even hear his claim. And I think the most important thing for this court to understand, and we should be very clear that what that would mean if this court were to agree with the district court and refuse to decide whether Mr. Hill has a right to access the river or not. Again, Mr. Hill might lose if and when he reaches the merits, but that's not what's before you. The question before you is whether Mr. Hill can have that decision. And why, going back to Judge Backright's point, the public trust doctrine, which is a matter of state law, and the equal footing doctrine, which is a matter of federal law, both vest this in, I mean, as a matter of law, this is a state matter. I mean, the question of, you know, you were going to have to determine whether they, let's assume that there are navigable waters there, and the state has them. Well, he doesn't have them. I mean, the fact that they throw rocks at him, he may have some claim for, you know, for violation of assault, but that doesn't have anything to do with what he's trying to get here. He's trying to get a right to use this land here. And so that's the point. I mean, it is not clear to me at all that these are, if the only repository of legal rights that he can invoke are rights that, at most, will be rights that lie with the state, then why aren't his, why isn't his claim derivative of their rights? Your Honor, he is asserting that the public has a right to those riverbeds that is separate from the state's title. It's no different than an easement holder having a right over a fee title interest. Okay, yes, the two may be tied together, but certainly an easement holder is allowed to bring a quiet title action to all Mr. Hill's trying to do here. Now, ultimately, whatever court decides the merits here may decide that Mr. Hill does not have that right. All that's before this court is whether Mr. Hill gets that determination. But if it's a third-party standing issue, it's not necessarily a merits issue. It's an issue of whether he's invoking someone else's rights. So one would have to determine whether, in fact, he has rights himself. I mean, one can't just, just because he says it doesn't make it true. And if, as a matter of law, there is no right that he could have, I mean, if the only two derivative rights that could, rights that, I mean, the only two sources of rights that could exist as it relates to that riverbed would flow to the state, one as a matter of federal law, the other under the, the public trust doctrine, then he has nothing. Your Honor, with all due respect, we, we disagree. And all that he's, at this standing stage, all he has to do is make a non-frivolous legal argument that he has that right. And he has made that non-frivolous legal argument. Every other state, to consider what the common law is with surrounding navigable riverbeds, has decided that there is a public easement to fish. Well, has Colorado adopted the public trust doctrine? No. Does that make any difference? It doesn't. And I think using the word public trust doctrine just confuses the issue. I point this court to the Emmert case. There, the Colorado Supreme Court said, was looking at whether there was a constitutional right under the Colorado Constitution to access all rivers in the state of Colorado. And the Emmert court, very carefully, Justice Hobbs, said, first, this is a non-navigable river. Second, no public right under the Constitution. But that, that meant something. Now, the courts in Colorado have never said what the rights are with respect to navigable rivers, what these public rights are with respect to navigable rivers. But this court should not decide that. That should be left to the state courts. And if this court feels that it needs to reach that issue, we've asked that you certify that issue. The nature of a public right in state-owned navigable riverbeds to the Colorado Supreme Court, which we believe would be the proper place for that issue to be decided. Second, with regard to the third-party standing arguments, Your Honor, we point the case, or we point the court to the Wilderness Society case, where they clearly first said that the plaintiff was not alleging a right of his own. Here we are. Ultimately, a court might find that my client doesn't have a right, but it's enough that he's alleged the right. Well, in the Wilderness Society, the environmentalist groups were claiming that they had an aesthetic interest in the federal government owning those roads. But that's separate from a right to those roads. I'd point you to the Khrushchev case, which is a separate 10th Circuit case, where they said, no, a plaintiff cannot assert the state of New Mexico's rights in New Mexico. If he is asserting an easement in those roads separately, a right of his own, that that separate issue is not third-party standing and needs to be decided and was remanded on that issue. I'd like to reserve the rest of my time. Thank you. Good morning. May it please the Court. Scott Steinbrecher for the State of Colorado. With me at council table is Kirk Holliman, who represents the homeowners. I hope to reserve about six minutes for him to This case is not about anyone's favorite fishing hole. This case is about who decides when the state asserts title and it's navigable riverbeds. Well, either the state has title and it's navigable because of that, assuming that the equal footing doctrine gives them the absolute ownership over navigable waters, or they don't. You agree with that? I'm sorry, repeat the question. If in 18 whenever Colorado came into the Union, this river was navigable, Colorado would be the owner of the bed of the river. That's correct. All right, and either they either did or they didn't. Either it was or it wasn't. Either it was or it wasn't. There's nothing for Colorado to do at this point. They don't have to go out and prove their title to this land. Well, I think they would because title, as alleged in the complaint, title is currently held by private landowners. Well, whose burden would it be to establish the navigability of the river, assuming the case went to trial? Whose burden would that be? It'd be Mr. Hill's burden. It would be his burden, but we don't think that he has standing to get there in the first place, because the right to assert title in this land is the state's constitutional right. And as perfectly correct, the plaintiffs here are trying to get at something that isn't their right. The rights in the state... Doesn't that depend on the public right doctrine? It could, the state could allow that if the state adopted the public trust doctrine. But they have not. That's correct, and in the very first instance the right in these state lands is guaranteed by the Constitution. That's what the Oregon Land Board versus Corvallis Sand and Gravel case says. That's what PPL Montana says. These, the state title in these navigable riverbeds is the state's constitutional right. And this court has said under VR acquisitions and Kemmerer Coal, that a third party can't assert constitutional rights of someone else. And I just want to make sure I understand, I'm getting an understanding of this. I mean, at least as I saw it coming in here, that part of the issue is, yes, whose rights these are. One argument would be essentially that even if Colorado, for whatever reason, is being wishy-washy about what they want to assert, if there is a right here, it's theirs. Correct. Okay. That is absolutely correct. That is what Oregon Land Board and PPL Montana say. And let me give you a little background on on both of those cases. They established that there is no federal common law that creates some right that burdens public title or state title in these lands. PPL Montana very clearly says that the equal footing doctrine does not apply after statehood. And the state is free to govern and allocate those lands according to state law. And then the Oregon Land Board versus Corvallis says very clearly, again, no equal footing after state law. And more importantly, we don't determine title in navigable riverbeds using federal common law after statehood. Now, Mr. Hill's counsel argues that all of those assume that they are incorrect on their merits-based arguments and that to decide standing, we have to assume for the sake of argument that their underlying claims are legally meritorious. What's wrong with their argument? Well, so I think they go a little too far. I think the law professors actually get it right in their brief where they say what the court has to assume is true is that Hill has alleged sufficient facts to prove navigability. So if we accept those as true, and even if we accept as true that what they've alleged does prove navigability, that still does not establish a right in a member of the public to assert the state's constitutional right in title. Well, shouldn't we assume their theory about the public trust doctrine being operative in Colorado? No, because it's contrary to several different cases on a federal basis. There's no federal common law. That would be contradictory to Oregon Land Board v. Corvallis. I guess what I'm trying to ask you, why aren't those merits-based arguments? Why do those pertain directly to standing? Because the merits of this case is navigability. Did they float logs? Did they float canoes? Does that establish navigability for title? The standing question here is, does a member of the public have standing to assert the state's rights under the equal footing doctrine? And the answer is no. There is no law that provides that standing. V.R. Acquisitions and Corvallis. Is that really the issue? That is the standing issue. If it's a floating situation, that wouldn't even touch the river bottom. So if it's navigable, they can float their logs down the river, float their stuff down the river, even though it goes through the property of private owners. So it's not really an issue of who owns the riverbed at all. It's whether it's navigable. Then the next question is, assuming it is navigable, is there any right on the part of this guy to go fishing? That's a merits question. That would be the right to go fishing if you can establish, if you had standing to get there to assert the state's title. It's not asserting the state's title. Either the state has title or it doesn't have title. And what flows from that? But it's current, the title is currently, it's undisputed in the complaint that title is currently held by private landowners. No, it's not undisputed that he's claiming it's navigable and that therefore he has a right to it. Some way he's got a right to it. But alleges in the complaint that that Warsaw holds title tracing back to a federal patent. Well, that doesn't make any difference either because even if he has a federal patent, if it came, it was prior to the, the admission into the, into the statehood, the state would still own those land, that land, unless they conveyed it, gave a quick clade deed out to the individuals. And it's our position that because that title is guaranteed by the equal footing clause of the constitution, that that is the state's exclusive right to assert and any attempt to try to establish title by a member of the public. Well, he's not trying to establish title. He's trying to determine what the title is, but that would be the effect is to establish, but establish title. It think that's exactly what, because if they have it, they have it. If they don't have it, they don't have it. He's not establishing anything. It's a fact that he's got to prove. And if he can't prove it, he loses and they can throw rocks at him or whatever else they want to do. It's our position that that title interest is the, is the right of the state to assert exclusively under Oregon land board. And getting back to the, the amicus brief. I mean, the question right now, the question is not really the factual one of whether the weather is navigable because we can assume that, right? Correct. And so even if it is, then the question is, even if there is a right, who's got it. Correct. And it's the state's rights in the state's position, uh, in the state's position. Can I ask you a hypothetical question? Let's say there's a property dispute. There's a house. You say it's your house. Opposing counsel says it's his house and with whoever's house it is, there's a, there is, is attractive land that I as a utility want to get to and that you're saying that I can get to that. Can I, you can use the property if it is your house. Opposing counsel says it's not. I, uh, as the utility file a claim saying that I want to quiet title to my easement and as part of that, I wanted, uh, my theory is that it's your house, not his house. I'm asserting my own right to that easement, right? So I would not be, uh, thrown out of court based on the third party doctrine, right? Because I'm seeking to quiet my own title of that easement, even though the house itself would be yours. I think your hypothetical differs in two important ways from the case here. First, it sounds like you would be asserting your own right, uh, as if Hill were asserting a prescriptive easement, which would be based on his own individual rights. Um, and that gets to the second point. If your claim of use is derivative of the state's title or the other landowner's title, then under wilderness society, there is no prudential standing to assert that claim. And that's exactly what the plaintiffs were trying to do there. They were adamant that they were asserting their own interests. And this court said, no, obviously they are asserting the rights of the federal government because their claims depend on the superiority of federal title. If the federal government didn't have title in that case, wilderness society would lose. And Hill admits the same thing in his reply at page seven. He says, in order to declare the homeowners can't exclude Hill, the court must find the state holds title. Right. And so what he's saying is I want to go, I have a right as a member of the public because Colorado owns this property. And I, Mr. Hill, as a member of the public, have an easement to go and fish in that fishing hole. That was not the case in the wilderness society where you had environmentalist groups saying, well, to borrow my analogy, the federal government owns the title of those roads. Whether or not he's right or wrong on the merits, that's a merits based issue, as Kelly pointed out. With regard to the third party doctrine, how is he not asserting his own right? In both, uh, to, to, to be, uh, to be protected through that public easement. Both Ken Schirff and Southwest Four-Wheel Drive Association dealt with public easements and found that an individual's desire to use those public, public easements is not a property right for purposes of establishing prudential standing. And Hill's characterization today of Ken Schirff is wrong. The court dismissed on prudential standing with regard to the public easement and made mention said perhaps the plaintiff could establish a prescriptive easement, which again is establishing those individual rights, not the public rights. I apologize. I have to yield the rest of my time to my co-counsel. Good morning. I'm Kirk Holloman. I represent the homeowner appellees, uh, Mark Worsawa and Linda Joseph. Uh, Hill's assertion as to his interpretation of the law need not be accepted as true. In this case, it is frivolous. The right to assert the constitutional property right of the state of Colorado under the equal footing doctrine is the holder of that right. The state and only the state under Kemmerer Coal Company versus Brigham Young University and also under VR acquisitions versus Wasatch County. It is clear from the law of this circuit that the holder of the constitutional right has the right to assert it and nobody else. If you had to get to the question of the public trust doctrine, you don't need to accept Hill's assertion of that being true either because under the applicable federal law, PPL versus Montana and the other case, uh, Oregon versus Corvallis, sand and gravel, federal common law does not apply to determine the rights in the state titled land that is given to it by the navigability for title doctrine. State law applies and under well settled Colorado law, there is no basis whatsoever for Hill to have a right to any easement in the state's property. There's the Longmont city of Longmont case that says the public trust doctrine does not apply in Colorado. You've got various ballot initiatives where people tried to get the public trust doctrine onto the ballot and they were all denied proving it doesn't exist. Otherwise people wouldn't be trying to get it on the ballot. Well, is that though? I agree with you on that. But is that a question of third party standing or are we talking now about the merits, whether or not there is a public trust doctrine? This is about third party standing. What is Colorado law and what are Hills rights? Every case, you know, in Colorado says, what is Colorado's law? That's not a standing issue. This is not an issue of what's color, colorable law. This is an issue that Hill, there's absolutely no basis for this property right claim that he claims. This is frivolous. There's no grounds for it. Supposing he could prove that that stretch of the river was navigable at the time Colorado came into the union, it doesn't matter. He would have no rights under Colorado law to use it because of the lack of public trust doctrine. Also, all the other cases cited in the brief, the lack of any Colorado law to support his claim. He has no ownership interests as a district court judge found. He did not claim an ownership use interest. This is a use right such as the Northern New Mexico land and water users claimed and it was held that did not give them standing under the quiet title act. This is a situation where at best Hill is going to get perhaps collateral rights if the state were to exercise its rights and obtain title, but they would not be legally cognizable rights in Hill. This is a case such as in the Walker case where one of the few exceptions was the individual does not have a right to compel the state to bring a criminal prosecution even if that person might benefit from the criminal prosecution. Here, Hill is trying to get the state to exercise its constitutional right so that he can benefit from it. He has no right to do that. I believe my time is up, I think. Thank you very much. Thank you. Your honor. Very briefly, I would just like to read exactly the common law that Mr Hill says would apply as brought into Colorado by statute and described by the United States Supreme Court in Illinois central. It is a title held in trust for the people of the state that they may enjoy the freedom and have liberty to fish there on. That is the public right that Mr Hill is says applies. That is the public right that a court may eventually find applies. That is not the question before this court. The question before this court is whether Mr Hill can make that argument at all. I want to be very clear that if he does not, uh, if he has not given the opportunity to have his rights heard, he will have no idea whether he has a right to fish or not. And that means headed back, uh, to the riverbed. That means going back and going fishing and potentially being arrested and having rocks thrown at him again. Thank you, your honor. You're not saying we're responsible for that, right? I hope that's not what you're saying. Tell him to wear a hard hat. Would you like me to address that question? You can answer that question. Your honor. I want to be very clear, your honor, that this is not a policy case that was jimmed up out of nothing. Mr Hill, out of respect for Mr Hill goes out there and gets arrested. That's Mr Hill's problem, right? And then Mr Hill's back in court arguing about whether he has a public right or not. And instead he's tried to bring a declaratory judgment action out of respect for their courts and their ability to announce the law. And he's been turned away. Thank you, counsel. Thank you.